## DANIEL SHEARER *versus* JONATHAN MOOERS.

An award upon a submission *in pais*, cannot be accepted in court, as the basis for a judgment.

So where an action was referred under a rule of court, but the parties entered into an agreement before the referees, by which other subjects were submitted to them, and they made an award upon such agreement, it was *held*, that the award (which was objected to by one of the parties) could not be accepted as the basis of a judgment in the action.

The *St.* 9, *&* 10 *Will.* 3, *c.* 15, allowing a submission *in pais* to be made a rule of court, has never been in force in this Commonwealth. *Semble.*

THIS action, which was debt upon a judgment, rendered in an action on a note secured by mortgage, was referred to W. Bliss, H. Chapin and R. Shaw, under a common rule of court. Before the arbitrators the parties entered into an agreement in writing as follows : " In the matters depending between D. Shearer and J. Mooers, now under a reference to W. Bliss, &c. it is agreed that the same shall be settled, so far as relates to the land mortgaged by the said Mooers to the said Shearer by a deed dated September 16th, 1826, &c. upon the following principles." It is then agreed that the plaintiff shall be allowed the amount due on that mortgage and on all the other mortgages on the same land made by the defendant and purchased by the plaintiff, with interest thereon, and shall deduct the value of the rents and profits of the land while in the plaintiff's possession, (deducting the betterments,) and shall receive and allow for the crops of 1837 ; that for the balance found due the defendant shall give security, payable in six months with interest ; that upon the furnishing such security, the plaintiff shall execute a deed of warranty of the premises and discharge all claims against the defendant growing out of the mortgages ; and that the arbitrators shall decide upon the balance due, and upon the goodness and validity of the security and deed.

The referees made a report, in which they say that the com-

sel for the parties stated that the only matters submitted by them, and the only matters " to be determined under the foregoing rule, by said referees, were expressed in the paper submitted to them and hereto annexed, signed by the parties." They then proceed to make their award pursuant to the agreement. They further state, that after the hearing was completed, and immediately after they had begun their deliberations upon the matters before them, the counsel for the plaintiff gave notice that the agreement was drawn up under a mistake, and requested them to proceed no further under it, but that the defendant contended it was agreeable to the intentions of the parties.

On a motion on the part of the defendant, that the report be accepted, *J. Stebbins*, *Wells* and *Alvord* contended, 1. that it was a good award under the original rule ; and 2. that the agreement made out of court and referring to the rule, should now be made a part of the rule, and that judgment should be entered upon the award. *Evans* v. *Thomson*, 5 East, 189 ; *Oliver* v. *Collings*, 11 East, 367 ; *Greig* v. *Talbot*, 3 Dowl. & Ryl. 446 ; *S. C.* 2 Barn. & Cressw. 179 ; 1 Revised Laws of N. York, 125 ; *M'Kinney* v. *Newcomb*, 5 Cowen, 425, note *a* ; *Ex parte Vasques*, 5 Cowen, 29 ; *Knight* v. *Carey*, 1 Cowen, 39 ; *Brit. St.* 9 & 10 *Will.* 3, *c.* 15.

*R. A. Chapman* and *Ashmun*, for the plaintiff.

SHAW C. J. The Court are of opinion, that this award cannot be accepted. The referees have not proceeded, nor professed to proceed, upon the authority vested in them by the rule of this Court, nor to consider the matters thereby referred ; but they have considered only the matters embraced in the agreement *in pais* made and signed by the parties, and under the authority given them by that agreement. It stands upon the same footing, as if no rule of court had been entered into. It may have been a very equitable agreement, and it may have constituted a mode of settling the rights of the parties, better adapted to their interests, than could be found in an action. But if the parties have any remedy upon it, we think it must be by action or by a bill for specific performance ; on which question, however, we give no opinion. We are more particular in this, because it appears, that before the award was

Shearer
*v.*
Mooers.

*Sept. 28th.*

*Sept. 30th.*

Shearer
v.
Mooers.

made, notice was given by one of the parties, that there had been surprise or mistake in drawing up the agreement, and as far as it was in his power, he revoked the authority of the referees under that agreement. But the Court are of opinion, that the referees not having acted under the authority given them by the rule, their award cannot be accepted as the basis of a judgment of the Court in this action. In order not to be misunderstood, we would add, that this opinion is not to affect agreements and concessions, made by parties before referees, to operate by way of evidence, under the rule, bearing upon questions submitted by it, whether such agreements are in writing or verbal, nor will it operate as a prejudice to the accord, that the referees acted upon such agreements. In general they afford the most satisfactory evidence, as to matters of fact.

But it has been contended, that the agreement made before the referees, may now be made a rule of court, and the award under it received and accepted, conformably to the English practice. But we think this inadmissible, no such practice having ever prevailed here. The English practice is founded on the provisions of the *St.* 9 *& * 10 *Will.* 3, *c.* 15. That statute provides, that a submission *in pais* may be made a rule of any of the courts of Westminster Hall, upon the motion of either party and the affidavit of the subscribing witness, where an agreement to that effect is inserted in the instrument of submission. But the statute has never been in force in this Commonwealth; and if it were, as there is no such agreement in the instrument of submission in this case, we do not perceive how it could aid the defendant in support of his motion.

*Report not accepted.*